Wood, J.
It will be observed that, at the date of the levy, and
when the sale was made by the sheriff of this lot to Hull,-no *71 patent had been issued to Massie, and all that was transferred by that sale to the purchaser was such an estate as McMahan had in the premises. McMahan being in possession, at the date of the levy, had such an interest, by virtue of such possession alone, as was subject to levy and sale. He had also, in addition to his possessory title, a warranty deed from Niblack, who held a similar conveyance from Craig, and Craig from Massie, and when Massie’s heirs, after his death, in 1814, obtained the patent for the lot, such patent inured to the benefit of the grantee of their ancestor, with covenants of warranty. Bond’s Lessee v. Swearingen, 1 Ohio, 412. McMahan, therefore, in 1814, by the emanation of the patent, was invested with the legal title, and it inured, also, to the purchaser at sheriff’s sale, and down to the plaintiff’s lessor.
Douglas, for the plaintiff.
Leonard, for the defendant.
It seems to us to follow, that in 1818, McMahan and wife had no interest in the lot to convey to Collett and Evans ; that they acquired nothing by such conveyance, and consequently nothing by their decree against Massie’s heirs, and therefore had no interest to convey to the defendant.
Judgment for the plaintiff.